[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15693

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 15, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00154 CR-T-26-MAP

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ROME LEE HARMON,
EMMA JEAN HARMON,

                                        Defendants-Appellants.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

**(May 15, 2006)**

Before TJOFLAT, BARKETT and HILL, Circuit Judges.

PER CURIAM:

After considering appellants' briefs and entertaining oral argument, we find no merit in appellants' arguments – which are listed in the margin[1] – for the dismissal of the indictment, judgments of acquittal, or a new trial.

AFFIRMED.[2]

---

[1] In listing appellants' arguments below, we refer to appellant Rome Lee Harmon as "Rome," and Emma Jean Harmon as "Emma."

1. Sections 841 and 846 of Title 21 are unconstitutional (Rome's issue IX);

2. Section 922(g) of Title 18 is unconstitutional (Rome's issue VII).

3. The evidence was insufficient to convict Rome of the November 26, 2003 marijuana offense (Rome's issue I).

4. The district court abused its discretion in denying appellants' motions for mistrial.

5. The district court abused its discretion in refusing to continue appellants' sentencing hearings.

6. The district court erred in not deciding sua sponte that appellants' counsel rendered ineffective assistance in failing to challenge prior convictions that subjected appellants to mandatory life sentences.

7. Appellants' life sentences constituted cruel and unusual punishment under the Eighth Amendment.

8. The court committed Booker error in imposing life sentences based on convictions not alleged in the indictment or found by the jury beyond a reasonable doubt.

[2] Rome correctly states in his brief that the written judgment contains an error regarding Count Nine of the indictment; the judgment should indicate what the court stated in imposing judgment – that he was convicted of a conspiracy offense rather than a substantive offense. Under Fed. R. Crim. P. 36, the district court can correct the judgment for a clerical error, such as the error Rome cites, "at any time."